IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DALE PATRICK SLEDGE,

       Petitioner,                             Civil Action No. 15-1287
                                               Chief Magistrate Judge Maureen P. Kelly

       v.

COMMONWEALTH OF PENNSYLVANIA,
PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, and
DISTRICT ATTORNEY OF FAYETTE
COUNTY,

       Respondents.

## MEMORANDUM OPINION

**KELLY, Chief Magistrate Judge**

Dale Patrick Sledge ("Petitioner") was released on parole at the time of filing this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his state court convictions for drug possession and possession with intent to deliver. As Respondents correctly pointed out, the Petition is time-barred, and, as such, it will be dismissed.

## I. PROCEDURAL HISTORY

### A. State Court Procedural History

The Pennsylvania Superior Court, in its Opinion denying post conviction relief, described the procedural history of the case as follows:

> On July 16, 2008, following Sledge's arrest, Attorney David Kaiser entered his appearance, waived Sledge's arraignment, and entered a plea of not guilty. On August 18, 2008, Attorney Kaiser filed an Omnibus Pretrial Motion, which included a motion to suppress, a motion to dismiss pursuant to Rule 600, and a motion for writ of habeas corpus. On October 17, 2008, the Honorable John J. Wagner, Jr. of the Fayette County Court of Common Pleas held a hearing on the Omnibus Pretrial Motion. On January 26, 2009, Judge Wagner denied all of Sledge's motions. Prior to the beginning of trial, Attorney Kaiser filed a Motion to Withdraw, which the Honorable Conrad Capuzzi granted on June 3, 2009. Attorney Sally Frick subsequently entered her appearance as trial counsel.

> On March 8, 2010, a jury convicted Sledge of possession with intent to deliver 13.2 grams of cocaine and possession with intent to deliver 100 grams of marijuana. On April 5, 2010, the trial court sentenced Sledge to 18–36 months' imprisonment for possession with intent to deliver cocaine and a consecutive term of 1–12 months' imprisonment for possession with intent to deliver marijuana. On October 24, 2011, this Court affirmed the judgments of sentence. *Commonwealth v. Sledge*, 682 WDA 2010 (Pa. Super. filed October 24, 2011) (unpublished memorandum). On January 9, 2012, we denied reconsideration. Sledge did not appeal to the Pennsylvania Supreme Court.
> On April 30, 2012, Sledge filed a counseled PCRA petition. On October 5, 2012, Sledge filed a pro se motion to seeking [sic] removal of his private counsel, Attorney Sally Frick, and appointment of new counsel by the court. On October 11, 2012, the court ordered the withdrawal of private counsel and appointment of new counsel. On October 15, 2012, Sledge filed an amended pro se PCRA petition alleging ineffective assistance of counsel. Appointed counsel did not file a counseled PCRA petition. On December 5, 2012, Sledge requested leave to proceed pro se. On May 13, 2013, the PCRA court conducted a hearing pursuant to *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998), and granted Sledge's request to represent himself at the PCRA evidentiary hearing. *See id.* at 82 ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one"). On June 12, 2013, the court held an evidentiary hearing on Sledge's PCRA petition. On August 9, 2013, the court denied Sledge's petition. Sledge filed a timely appeal and timely statement of matters complained of on appeal.

Com. v. Sledge, 1473 WDA 2013, 2014 WL 10914349, at *1 (Pa. Super. July 1, 2014).

The Superior Court affirmed the denial of PCRA relief on July 1, 2014. Petitioner then filed a timely Petition for Allowance of Appeal in the Pennsylvania Supreme Court, which denied it on November 25, 2014. Com. v. Sledge, 104 A.3d 4 (Pa. Nov. 25, 2014) (Table).

In the meantime, Petitioner was released on parole as of August 20, 2013. ECF No. 10 at 2 ¶ 2.

**B. Federal Court Procedural History**

Petitioner, proceeding pro se, requested, ECF No. 1, and was granted in forma pauperis status. ECF No. 3. Petitioner filed exhibits in support of the Petition, ECF No. 2, and the Petition. ECF No 4. The Petition named as respondents, inter alia, the Pennsylvania Board of Probation and Parole ("the Board"), as his custodian given that at the time he initiated these proceedings in

October 2015, Petitioner had already been released on parole; however, because Petitioner was challenging his underlying conviction, the District Attorney of Fayette County was added as a party respondent to defend the constitutionality of Petitioner's conviction. ECF No. 5. The Board filed an Answer, indicating that because the Petition was not challenging Petitioner's parole, Petitioner is not entitled to any relief against the Board. ECF No. 10. The District Attorney of Fayette County filed an Answer ("the Answer"), raising the statute of limitations defense. ECF No. 10. Petitioner then filed Exhibits in support of the Petition, which was the transcript of the PCRA hearing conducted on June 12, 2013. ECF No. 11. Petitioner did not file a traverse challenging the fact that the Petition is time-barred.[1]

All the parties have consented to have the United States Magistrate Judge exercise plenary jurisdiction. ECF Nos. 18 - 20.

---

[1] We note that as of January 20, 2016, Petitioner's sentence reached its maximum expiration date and as of that date, he was no longer subject to any sentence or supervision by the Board. ECF No. 10 at 2 ¶ 3.

We further note that where, as here, a federal habeas petitioner is challenging the validity of the underlying felony conviction and not merely the legality of the sentence, the expiration of a federal habeas petitioner's state sentence during the pendency of the federal habeas proceedings does not moot the federal habeas petition. This is so because we presume collateral consequences flowing from the fact of the felony conviction. Jackson v. Johnson, CV 13-1629-RGA, 2014 WL 1510798, at *1 (D. Del. Apr. 17, 2014) ("When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that 'a wrongful criminal conviction has continuing collateral consequences' sufficient to satisfy the injury requirement. *Spencer v. Kemna,* 523 U.S. 1, 8 (1998); *see Steele v. Blackman,* 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, collateral consequences will not be presumed when a petitioner does not attack his conviction but, instead, challenges a 'sentence that has already been served.' *Burkey v. Marberry,* 556 F.3d 142, 148 (3d Cir. 2009). In such cases, the collateral consequences must be proven and likely to be redressed by a favorable judicial decision. *Id.* at 148; *Spencer,* 523 U.S. at 7.").

## II. DISCUSSION

### A. The Petition is Time-Barred.

In the Answer, ECF No. 10, Respondents point out that the Petition is time-barred because the Petition was not commenced within one year of Petitioner's conviction becoming final. Respondents are correct.

#### 1. AEDPA is applicable.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments and enacted a statute of limitations for petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996. Because Petitioner's habeas Petition was filed after the effective date of the AEDPA, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

The AEDPA statute of limitations provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 2. The Petition was not filed within one year of the conviction becoming final.

Petitioner's conviction became final on February 8, 2012, which is thirty days after January 9, 2012, the date on which the Pennsylvania Superior Court denied Petitioner's Motion for Reconsideration in the direct appeal, where Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. Darden v. Sobina, 477 F. App'x 912, 916 (3d Cir. 2012) ("The Superior Court held that Darden's sentence became final on August 27, 2000, thirty days after his first motion for reconsideration was denied by operation of law. Darden therefore had one year from that date to file a federal habeas petition. Because he failed to do so until 2009, his petition was untimely."). See also Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); Burns v. Morton, 134 F.3d 109, 111–12 (3d Cir. 1998).

Petitioner then had 365[2] days from February 8, 2012 to file his habeas petition in federal court on or before February 8, 2013. Dwyer v. United States, No. CIV.A. 13-7218 JBS, 2014 WL 2587499, at *2 (D.N.J. June 9, 2014) ("For a one-year limitation period, the expiration date is the anniversary of the triggering event"). However, Petitioner filed his PCRA petition in state court on April 30, 2012. Com. v. Sledge, 2014 WL 10914349, at *1 ("On April 30, 2012, Sledge filed a counseled PCRA petition."). The filing of the PCRA petition tolled the statute of limitations. Hence, from February 8, 2012 (the date on which Petitioner's conviction became final) to April

---

[2] For purposes of AEDPA's one-year statute of limitations, a "year" means 365 days. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001).

30, 2012, (the date on which Petitioner filed his PCRA petition), a total of 82 out of the 365 days were used. In calculating the AEDPA statute of limitations, this Court utilizes the method of counting provided for in Fed. R. Civ. P. 6. Accordingly, Petitioner only had 283 days remaining in which to timely file his habeas petition after his PCRA petition ceased to be pending.

Petitioner's PCRA petition ceased to be pending as of November 25, 2014, the date on which the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal in Petitioner's PCRA proceedings. Stokes v. District Attorney, 247 F.3d 539, 543 (3d Cir. 2001) (time during which a prisoner may file a certiorari petition from the denial of his state post-conviction petition does not toll the AEDPA limitations period). As such, Petitioner only had until September 4, 2015, which is 283 days after November 25, 2014, to file his Petition.

Because it appears that Petitioner was at liberty on parole and not confined when he initiated the present proceedings, we will deem the present case to have been filed, at the earliest, on October 2, 2015, the date on which the Clerk's Office actually filed his Motion for Leave to Proceed in Forma Pauperis, which he apparently mailed in from a private residence.[3] Hence, from November 25, 2014 (the date on which Petitioner's PCRA petition ceased to be pending) until October 2, 2015 (the earliest date on which we deem the present Petition was filed), a total of 311

---

[3] Because it appears that Petitioner was at liberty on parole since at least August 20, 2013, we specifically decline to apply herein the so called "prisoner mail box rule" which provides that a filing by a pro se prisoner is deemed filed the date on which he hands the filing to the prison authorities, which is typically determined to be the date on which he signs the filing. See, e.g., Kirby v. White, No. 17–5014, 2017 WL 3274292, at *1 (10th Cir. Feb. 15, 2017) ("In their response to this court's order directing the plaintiffs to address the jurisdictional issue, they argue that because they mailed the notice of appeal and the motion for rehearing within the time limits set forth in the statutes and rules, that their appeal is timely. This argument is without merit. Only individuals who are confined in an institution are entitled to benefit from the mailbox rule. See Fed. R. App. P. 4(c); see also Houston v. Lack, 487 U.S. 266, 273–74 (1988)"). Furthermore, the application of the prisoner mail box rule would not save the Petition from being untimely as Petitioner did not sign his IFP Motion until September 28, 2015. ECF No. 1 at 2.

days passed. Given that Petitioner only had 283 days left of the one-year statute of limitations or until September 4, 2015 to file his Petition, the Petition was late by 28 days.

Accordingly, the Petition is untimely filed and will be dismissed as such.

## III. CERTIFICATE OF APPEALABILITY

Because jurists of reason would not find the foregoing analysis debatable, a certificate of appealability is denied.

## IV. CONCLUSION

For the foregoing reasons, we find that the Petition is time-barred and, therefore, the Petition is dismissed and a certificate of appealability is denied.

BY THE COURT:

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Date: December 8, 2017

cc: DALE PATRICK SLEDGE
2859 State Route 981
New Alexandria, PA 15670

All Counsel of Record via CM-ECF